UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SALVATORE J. SOWELL, | : | Case No. 2:24-cv-4153 |
| Plaintiff, | : | |
| vs. | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Kimberly A. Jolson |
| STATE OF OHIO, *et al*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Salvatore J. Sowell, an inmate at the James A. Karnes Corrections Center, brings this prisoner civil rights action under 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's Motion to proceed *in forma pauperis*. (Doc. 1). For the following reasons, Plaintiff's motion should be **DENIED**.

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Sowell is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because at least three complaints previously filed by him while he has been a prisoner were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Sowell*

*v. United States*, No. 2:23-cv-1683 (Sargus, J.; Litkovitz, M.J.) (S.D. Ohio Jan. 8, 2024) (Docs. 25, 27, 28); *Sowell v. Huntington Bank*, No. 2:23-cv-4250 (Graham, J.; Vascura, M.J.) (S.D. Ohio Feb. 16, 2024) (Docs. 6, 10, 11); *Sowell v. Ohio State Univ.*, No. 2:24-cv-873 (Morrison, J.; Deavers, M.J.) (S.D. Ohio June 6, 2024) (Docs. 6, 10, 11); *see also Sowell v. Comm'r of Soc. Sec.*, No. 2:24-cv-3086 (Marbley, J.; Litkovitz, M.J.) (S.D. Ohio Sept. 4, 2024) (Doc. 6, 11) (denying Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)); *Sowell v. U.S. Dist. Ct.*, No. 2:24-cv-3916 (Marbley, J.; Vascura, M.J.) (S.D. Ohio Nov. 6, 2024) (Doc. 5) (report and recommendation pending to deny Sowell's motion for leave to proceed *in forma pauperis* based on his accumulating three strikes).

Because of his three "strikes," Mr. Sowell may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." Under the plain language of the statute, Plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception. *See Vandiver v. Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618 F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley*, 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam); *cf. Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three

2

strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from Plaintiff's filings any facts establishing that he meets this exception. Plaintiff alleges that beginning on August 28, 2022, Defendants collaborated to submit forged documents as evidence in his state court criminal cases and that "several suits were filed in [his] name." (*See* Doc. 2 at 3). Plaintiff's speculative and conclusory statement that he seeks specified relief based on "the possibility of a wrongful conviction, physical bodily harm by an individual employed currently or formerly with the listed defendants, and for safety concerns," (Doc. 3-2 at 1), is insufficient to satisfy the imminent danger exception. *See Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 552 (D.S.C. 2008) (finding that a plaintiff's allegations of continuous threats to his life, amongst others, to be "unsupported, vague, self-serving, conclusory speculation" insufficient to satisfy the imminent danger exception); *compare Chappell v. Lewis*, No. 1:16-cv-659, 2016 WL 4194138, at *2 (S.D. Ohio July 15, 2016) (finding that plaintiff's allegations that correctional staff may harm him in the future were too conclusory to support a reasonable inference that he is imminent danger of physical harm), *report and recommendation adopted*, No. 1:16-cv-659, 2016 WL 4179646 (S.D. Ohio Aug. 8, 2016), *with Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012) (holding that allegations of imminent danger were "far from conclusory" as the plaintiff provided "specific dates on which specific persons made specific [threats]" between the date of the assault by prison staff and the filing of the lawsuit two months later).

In sum, because Plaintiff fails to allege particular facts showing any immediate or impending serious physical injury, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Motion to proceed in forma pauperis (Doc. 1) be **DENIED**.

2. Plaintiff be ordered to pay the full $405 ($350 filing fee plus $55 administrative fee) required to commence this action **within thirty (30) days**, and that Plaintiff be notified that his failure to pay the full $405 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: November 18, 2024                         */s/ Kimberly A. Jolson*
                                                                             Kimberly A. Jolson
                                                                            United States Magistrate Judge