## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**SALVATORE J. SOWELL,**

        **Plaintiff,**

        **v.**

**STATE OF OHIO,** *et al.*,

        **Defendants.**

**Case No. 2:24-cv-4153**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

## ORDER

This matter is before the Court on Plaintiff Salvatore Sowell's Dispositive Motion / Motion for Leave of Court (ECF No. 2) and Motion – Relief Sought (ECF No. 3). On February 18, 2025, the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss Plaintiff's claims for failing to comply with an Order of the Court to pay the full filing fee. (R&R, ECF No. 7, PageID 41.) The Magistrate Judge also recommended that the Court certify that any appeal of this Order would not be taken in good faith. (*Id.* PageID 41.)

Plaintiff previously moved for leave to proceed *in forma pauperis*. (ECF No. 1.) Because Plaintiff has previously filed at least three complaints while he has been a prisoner that were dismissed as frivolous or for failure to state a claim upon which relief may be granted, Plaintiff may not "use the periodic payment benefits of [28 U.S.C.] § 1915(b)" for paying the required filing fee. *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002) (citing 28 U.S.C. § 1915(g)); (*see* ECF No. 4, PageID 24–25 (listing Plaintiff's other cases).) Instead, he "must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d at 380.

Accordingly, on January 7, 2025, the Court denied Plaintiff's Motion to Proceed *in forma pauperis*. (ECF No. 6.) The Court also ordered Plaintiff to pay the full $405 filing fee within 30

days of the Order and notified Plaintiff that "his failure to timely pay the full $405 fee will result in the dismissal of his action." (*Id.*, PageID 39–40.) Plaintiff did not pay the filing fee by the deadline as ordered by the Court. Accordingly, the Magistrate Judge recommended dismissal of Plaintiff's claims. (R&R, PageID 41.)

> Once a magistrate judge issues a report and recommendation, the relevant statute provides:
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1). The failure to file written objections to a magistrate judge's report and recommendation waives a de novo determination by the district court of any issues addressed in the report and recommendation. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Plaintiff was advised of his right to object to the Report and Recommendation and of the consequences of failing to do so. (R&R, PageID 41–42.) Plaintiff did not object to the Report and Recommendation.

Accordingly, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation and **DISMISSES** Plaintiff's claims against all Defendants for failure to prosecute under Federal Rule of Civil Procedure 41(b). The Court **DENIES as moot** Plaintiff's Dispositive Motion / Motion for Leave of Court (ECF No. 2) and Motion – Relief Sought (ECF No. 3). Pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES** that any appeal of this Order would not be taken in good faith, and Plaintiff is therefore denied leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997).

The Clerk is **DIRECTED** to enter judgment and terminate this case on the Court's docket.

**IT IS SO ORDERED.**

<u>4/3/2025</u>                                    <u>s/Edmund A. Sargus, Jr.</u>
DATE                                               EDMUND A. SARGUS, JR.
                                                   UNITED STATES DISTRICT JUDGE